**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOREN GREENE,

                Petitioner,                        Case Number: 17-13504
                                                                   Honorable Mark A. Goldsmith

v.

DUNCAN MACLAREN,

                Respondent.
_____/

**OPINION & ORDER**
**(1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), (2) DENYING AS MOOT PETITONER'S MOTION FOR AN EVIDENTIARY HEARING (Dkt. 2), AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABLITY**

Petitioner Loren Greene, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his plea-based conviction for receiving and concealing stolen property, Mich. Comp. Laws § 750.535. Petitioner is no longer in custody pursuant to that conviction. Therefore, the Court lacks subject-matter jurisdiction over his claims and the petition is dismissed.

**I. BACKGROUND**

In 1989, Petitioner was charged in Jackson County Circuit Court with breaking into a motor vehicle and receiving and concealing stolen property over $100.00. See Pet. ¶ 2 (Dkt. 1). He was also charged with being a habitual offender. See id. ¶ 3. On December 10, 1990, Petitioner pleaded no contest to receiving and concealing stolen property and the breaking into a motor vehicle charge was dismissed. See id. ¶ 4. He was sentenced to 1-1/2 to 7-1/2 years in prison. See 6/2/16 Order Following Motion for Relief from Judgment, attached to Pet., PageID.36. The Michigan Court of Appeals denied Petitioner's application for leave to appeal. People v. Greene, No. 139723 (Mich.

Ct. App. Apr. 23, 1992). It does not appear that Petitioner filed an application for leave to appeal in the Michigan Supreme Court. Petitioner also has filed several post-conviction motions in state court which the Court need not detail here.

Petitioner then filed this habeas petition. He seeks habeas relief on the grounds that the plea was illusory and he received ineffective assistance of counsel

## II. ANALYSIS

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not point to a real possibility of constitutional error. Blackledge v. Allison, 431 U.S. 63, 75 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-163 (1996) (internal citations omitted). See also Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

The pending habeas petition will be dismissed under Rule 4, because the petitioner fails to satisfy 28 U.S.C. § 2254's "in custody" requirement. For a federal court to have jurisdiction over a petition for a writ of habeas corpus under § 2254, the petition "must be 'in custody' under the

conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Courts determine whether a person is "in custody" at the time the petition is filed. Carafas, 391 U.S. at 238. The Michigan Department of Corrections' Offender Tracking Information System ("OTIS"),[1] of which this Court is permitted to take judicial notice, see Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner was discharged from custody for the challenged conviction on February 1, 1997. He, therefore, is no longer in custody for the conviction challenged in this petition.

### III. CONCLUSION

For the reasons stated, the Court concludes that the petitioner fails to meet the "in custody" requirement for maintaining a petition for habeas corpus relief. Accordingly, it is ordered that the petition for writ of habeas corpus is dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Because the petition is dismissed, Petitioner's Motion for Evidentiary Hearing (Dkt. 2) is denied as moot.

SO ORDERED.

Dated: July 16, 2018                                       s/Mark A. Goldsmith
  Detroit, Michigan                                  MARK A. GOLDSMITH
                                                               United States District Judge

---

[1] See www.mdocweb.state.mi.us/otis2/otis2.html.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2018.

                                                s/Karri Sandusky
                                                Case Manager